CHIASSON, Judge.
The petitioner, Lorraine Rouff Christen, appeals from a judgment of the district court signed March 8, 1977, recalling and vacating the alternative writ of mandamus issued on February 9, 1977, directed to the Board of Trustees, Louisiana State Employees’ Retirement- System, and dismissing her suit at her costs. The suit was to compel the Board to pay the petitioner survivor’s benefits allegedly due her as a surviving spouse without minor child of a deceased member of the system. We affirm.
The facts in this matter are not in dispute. The petitioner’s husband, Carlyle Christen, began working for the State of Louisiana, Louisiana Division of Employment Security, on November 21, 1966, and died of a heart attack while still so employed on April 14, 1976, survived by his widow, the petitioner, but no minor children. At the time of his death, Mr. Christen had been married to petitioner for almost 25 years. At the time of his death, Mr. Christen had been employed for a period of 9 years, 4 months and 23 days and had accumulated sick leave and annual leave (764.1056 hours, sick leave; 709.6056, annual leave) which if both can be added to his period of employment, will exceed ten years.
Believing herself to be eligible to receive such survivor’s benefits, the petitioner filed on June 9,1976, an application and supporting documents with the Board of Trustees of the Louisiana State Employees’ Retirement System. The application was personally presented to the Board, and a hearing was granted to the petitioner. Prior to reaching its decision, the Board sought an opinion from the Attorney General. On July 16, 1976, the Attorney General rendered his opinion, Opinion No. 76-838, and ruled that sick leave and annual leave could not be used for the purpose of establishing minimum eligibility, interpreting the provision to mean that an employee must have already achieved minimum eligibility in order to be credited with sick and annual leave.
Pursuant to the Attorney General’s Opinion, the Board, at its meeting held on August 11, 1976, disapproved the use of sick and annual leave to make up the minimum “creditable service” for eligibility for survivor’s benefits, and found the petitioner ineligible to receive such benefits.
After the Board’s decision, the Attorney General’s Office reversed and recalled its original opinion; on January 12, 1977, the Attorney General issued Opinion No. 77-70, and now ruled that both unused sick leave arid accumulated annual leave could be “converted into ‘creditable service’ ” in order to establish “minimum eligibility for survivor’s benefits.”
When the Board declined to reconsider her application, the petitioner brought this suit on February 9, 1977, seeking a writ of mandamus to compel the Board to pay her survivor’s benefits. On March 4, 1977, a hearing on the writ of mandamus was held, and the district judge rendered judgment upholding the ruling of the Board, with *1309 assigned reasons for his judgment. Judgment was then signed on March 8, 1977, decreeing that the writ of mandamus be recalled and vacated, and the petitioner’s suit dismissed. On March 15,1977, the petitioner perfected a devolutive appeal to this Court.
The law in question, the Louisiana Employees’ Retirement Act, LSA-R.S. 42:541 et seq., provides that in order for a widow, without minor children, to enjoy survivor’s benefits, her husband must have had “at least ten years of creditable service” at his death. See LSA-R.S. 42:605.
Then, the pivotal issue for us to decide is what constitutes “creditable service” as used in Section 605 of the Louisiana Employees’ Retirement Act.
As this Court said in Groves v. Board of Trustees, Teachers’ Retirement System, 324 So.2d 587, 594 (La.App. 1 Cir. 1976), writ denied, La., 326 So.2d 378, 380:
“ . . (L)egislation providing pension systems must be liberally construed in favor of the intended beneficiaries. Maillet v. Board of Trustees, Teachers’ Retirement System, 248 La. 964, 183 So.2d 321; Miller v. City of Shreveport, La.App., 90 So.2d 565.”
Petitioner contends that during membership service an employee is allowed to establish a credit for annual and sick leave, according to a prescribed formula contained in LSA-R.S. 42:563. Further, that this credit can be tacked to “membership service” to arrive at “creditable service” of the member at the time of termination.
The legislature, by Act 135 of 1972, comprehensively amended and reenacted the State Employees’ Retirement System, Chapter 10, LSA-R.S. 42:541 et seq.
Section 543 of the Act gives the following definitions:
“(9) ‘Creditable service’ means prior service plus membership service for which credit is allowable as provided in this Chapter. .
“(18) ‘Membership service’ means service after July 1,1947 as an employee while a member of the system. .
“(22) ‘Prior service’ means service rendered prior to July 1, 1947, for which credit is allowed. .
“(33) ‘Vested right’ means when a member obtains retirement eligibility as to age and service in accordance with this Chapter.”
Section 556 provides for termination of membership in the system, as follows:
“Membership in this system ceases when a member withdraws his accumulated contributions, or when a member withdraws from active service with a retirement allowance, or when a member dies.”
Section 563 deals with the use of annual and sick leave as follows:
“A. All accumulated annual leave for which payment cannot be made in accordance with law and all unused sick leave accumulated at the time of retirement shall be credited to the member on the following basis:
“There shall be no limit to the amount of unused sick and annual leave that a member may convert to retirement credit on the basis of the above formula. .
“C. When extending credit for unused leave, fractional days of one-half or more shall be granted as one day and less than one-half day shall be disregarded. A member retiring out of state service shall not be allowed to use unused sick and annual leave to extend service credit unless he had a vested right thereto at the time he terminated his state service. Additional membership service for unused sick and annual leave shall not be used in computation of average compensation.” (Underlining added)
This latter section, relied upon by petitioner, and Section 543(33) allows “retirement credit” to a member, but specifically prohibits the use of unused sick and annual leave by the member to extend his “service credit” unless he had obtained “retirement eligibility” as to age and service at the time of termination.
*1310 Contrary to petitioner’s contention, this does not make retirement eligibility a condition precedent for entitlement to surviv- or’s benefits, it only makes retirement eligibility a condition precedent for the use of unused sick and annual leave in determining “creditable service” which, itself, is the criteria for survivor’s benefits.
Under Section 605, the surviving spouse is entitled to benefits only if “the deceased member . . . had at least ten years of creditable service . .
After careful review of Chapter 10, LSA-R.S. 42:541 et seq., we find no specific statutory provision that allows unused sick and annual leave to be used in the computation of “creditable service” as defined by LSA-R.S. 42:543(9).
Petitioner next contends that LSA-R.S. 42:421(B) mandates that when an “ . employee dies . . . before retirement, leaving a surviving spouse or dependents, or both, who are entitled to benefits from said system, his unused accumulated annual leave . . . shall be added to his membership service . .
The entire sentence from Section 421(B) from which petitioner quotes the above referred to phrases, reads as follows:
“. . . When an employee covered by this subsection retires, or whenever any such employee dies while still a member of any retirement system to which the state contributes in whole or in part and before retirement, leaving a surviving spouse or dependent or both who are entitled to benefits from said system, his unused accumulated annual leave in excess of the amount for which payment is received, as above provided, shall be added to his membership service in the same manner and to the same extent as if the employee had continued in state service until after the date on which average compensation, as defined by the law pertaining to any retirement system covered herein, is determined.” (Underlining added)
It is noticed first that this provision is contained in Chapter 8 and not in Chapter 10 which is the Louisiana Employees’ Retirement Act and that the use of unused accumulated annual leave is limited to the determination of “average compensation.”
“Average compensation” is defined in Section 543(5) as being the average annual earned compensation of a state employee for the thirty-six highest months of successive employment. Therefore, creditable service, meaning prior service plus membership service for which credit is allowable as provided in this Chapter (Chapter 10), would not include unused accumulated annual leave allowed by Section 421 (Chapter 8) to be used in the calculation of average compensation. Average compensation has not been and is not now an issue in this case.
Petitioner further contends that “entitled” above refers to the marital status of the surviving spouse and the age of the minor dependent child and that it has nothing to do with the retirement qualifications of the deceased member.
We are of the opinion that “entitled” refers to all the qualifications provided by statute, including the required number of years of creditable service.
The legislature had to determine the minimum years of service required for eligibility in the system, and unfortunately, no matter what period of time is used, there will always be those who will just barely miss eligibility. Our sympathies, like those of the trial judge, are with petitioner herein, but we find the statutes unambiguous and are therefore bound by the specific provisions thereof.
For these reasons the judgment of the trial court is affirmed.
AFFIRMED.